UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD D. HUBBUCH,

                       Plaintiff,

            -against-                                  **25 Civ. 7642 (JPO) (GS)**

J&M REALTY SERVICES CORP., *et al.*,                     **ORDER**

                       Defendants.
------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      On November 6, 2025, Plaintiff filed a Motion to Compel certain discovery materials from Defendants (Dkt. No. 34 ("Pl. Mot.")), along with a supporting memorandum of law (Dkt. No. 35 ("Pl. Br.")). Defendants J&M Realty Services Corp., Jerry Edelman, David Edelman, and Davidoff Hutcher & Citron LLP filed an opposition brief to Plaintiff's Motion on November 12, 2025. (Dkt. No. 38 ("Def. Br.")). Plaintiff filed his reply brief on November 16, 2025. (Dkt. No. 45 ("Pl. Reply")).

      Plaintiff seeks two categories of materials. From Defendants J&M Realty Services Corp., Jerry Edelman, David Edelman, Davidoff Hutcher & Citron LLP, and Benjamin Noren ("Private Defendants"), Plaintiff seeks "all documents and communications concerning any agreement to fund, pay, or indemnify Defendant George Essock Jr.'s individual legal defense costs in this action." (Pl. Mot. at 1). From Defendant City of New York, Plaintiff seeks "all documents and communications related to its decision to decline legal representation for Defendant George Essock Jr. in his individual capacity as a New York City Marshal (Badge No. 71) in this action." (*Id.* at 2).

      Although Plaintiff, who is proceeding *pro se*, styles his motion as a "Motion to Compel Discovery," this is a misnomer. A motion to compel presupposes that the movant

has validly served discovery requests and that the recipient has not provided the requested materials by the applicable deadline. Neither circumstance exists here. First, Plaintiff served Defendants with his discovery requests without leave of court, which he was not permitted to do, as no Rule 26(f) conference has been held in this case yet. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). Second, Plaintiff filed his Motion to Compel *prior* to Defendants' deadline to respond to his requests. (Def. Br. at 2).

As a result, Plaintiff has no valid basis upon which to move to compel responses to his discovery demands. Nevertheless, construing Plaintiff's *pro se* submissions liberally, as required, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), the Court treats Plaintiff's motion as one seeking expedited discovery on the above-described issues prior to the ordinary timeline for discovery, pursuant to Rule 26(d)(1).

"The majority of courts in the Second Circuit apply the more flexible 'good cause' standard when evaluating motions for expediting discovery." *Enneagram Personality Types, Inc. v. Kajtezovic*, No. 24 Civ. 6747 (EAW) (CDH), 2025 WL 718977, at *4 (W.D.N.Y. Mar. 6, 2025) (citation omitted). This standard "requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quotation omitted). In ruling on such a request, "[c]ourts may consider 'the burden of responding to the discovery requests and the likelihood that the proffered discovery will eventually take place[.]'" *Enneagram Personality Types*, 2025 WL 718977, at *4 (quoting *United States v. Erie Cnty., N.Y.*, No. 09 Civ. 849S (WMS), 2010 WL 11578742, at *3 (W.D.N.Y. Mar. 6, 2010)). "Courts will also compare 'the potential prejudice which will be

suffered by the defendant if discovery is permitted, and that which will be experienced by the plaintiff if denied the opportunity for discovery at this stage.'" *Romero v. Goldman Sachs Bank USA*, No. 25 Civ. 2857 (GHW), 2025 WL 2403415, at *1 (S.D.N.Y. July 17, 2025) (quoting *Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary*, No. 21 Civ. 6865 (VSB), 2022 WL 2901403, at *1 (S.D.N.Y. July 22, 2022)).

Plaintiff has not demonstrated good cause for the Court to order expedited discovery in this case. Plaintiff alleges that the discovery sought is "essential to establish the 'joint action' element of Plaintiff's claim under 42 U.S.C. §1983 and the 'deliberate indifference' required to sustain municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)." (Pl. Br. at 1). Plaintiff does not point to any exigency or assert any particular reason why he needs this discovery now. Rather, Plaintiff alleges that "Defendants are certain to object to" disclosing these documents "on privilege grounds," and that "[j]udicial intervention is therefore necessary now to avoid delay and ensure Plaintiff's ability to establish the constitutional elements of his claims." (Pl. Reply at 3). "Without this discovery," Plaintiff contends, he "cannot meaningfully oppose dismissal or summary judgment." (*Id.*).

These circumstances do not present the urgency ordinarily required for expedited discovery. At the outset, the notion that Defendants might object to these requests on privilege grounds is not itself a reason to expedite the discovery process. Indeed, at least one court in this Circuit has suggested that a likelihood of disputes over privilege is a reason to deny a motion for expedited discovery. *See Raza v. City of New York*, 998 F. Supp. 2d 70, 75 (E.D.N.Y. 2013). Moreover, Plaintiff has made no showing that "absent expedited discovery, 'documents will be spoliated or otherwise unavailable to'" him. *Geminatio, Inc.*

3

*v. Hustad*, No. 25 Civ. 361 (AMN) (TWD), 2025 WL 1220233, at *8 (N.D.N.Y. Apr. 28, 2025) (quoting *Klym v. Monroe Cnty. Sup. Ct.*, No. 21 Civ. 6488 (JLS) (LGF), 2023 WL 10354316, at *10 (W.D.N.Y. Dec. 8, 2023), *report and recommendation adopted*, No. 21 Civ 6488 (JLS) (LGF), 2024 WL 446031 (W.D.N.Y. Feb. 5, 2024)).  Meanwhile, it would prejudice Defendants to have to respond to Plaintiff's discovery requests while Defendants are preparing their response to Plaintiff's Amended Complaint.  (*See* Dkt. No. 31).  Further, these materials, as Plaintiff admits, go to the ultimate merits of the case.  "[A] party should not ordinarily seek expedited merits discovery."  *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018) (citing *Attkisson v. Holder*, 113 F. Supp. 3d 156, 163 (D.D.C. 2015) ("[W]hen a plaintiff's discovery requests would go to the heart of the case, such that they become discovery that seeks to prove an element of the plaintiffs' case, a request for expedited discovery is inappropriate") (internal quotation marks, alterations and citation omitted)).

Nor is it proper for Plaintiff to seek expedited discovery for purposes of opposing a motion to dismiss (such as the motion to dismiss that the Private Defendants have indicated they intend to file, *see* Dkt. No. 49)).  "The Court's function on a motion to dismiss is 'not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient.'"  *Bey v. Roc Nation LLC*, No. 24 Civ. 2295 (ALC), 2025 WL 564252, at *2 (S.D.N.Y. Feb. 20, 2025) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)).  Consequently, a "Plaintiff is not 'entitled to discovery' to argue that she 'has sufficiently pleaded [her] claims."  *Wellington v. City of New York*, No. 24 Civ. 8743 (JLR), 2025 WL 2720818, at *2 (S.D.N.Y. Sept. 24, 2025) (quoting *Bey*, 2025 WL 564252, at *2); *see also Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y.

2010) ("As a general proposition, a litigant has to state a claim before he or she is entitled to discovery."). As such, the Court would not ordinarily consider discovery material in deciding any motion to dismiss. As a result, Plaintiff suffers no prejudice in waiting for such materials until after any such motions.

Similarly, motions for summary judgment are typically filed after the close of discovery. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded an opportunity to conduct discovery." *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (quoting *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000)). As such, should this case reach the summary judgment stage, Plaintiff will have had an opportunity by that juncture to take discovery (and if for some reason he has not, he will be able to raise that fact as a ground for denying the motion).

In short, Plaintiff has not "provide[d] reason for the Court to permit [him] to obtain discovery on an expedited basis, rather than in the ordinary course." *Geminatio*, 2025 WL 1220233, at *8 (quoting *Kreit v. Byblos Bank S.A.L.*, No. 22 Civ. 10751 (LJL), 2023 WL 3005852, at *1 (S.D.N.Y. Mar. 28, 2023)). Accordingly, Plaintiff's Motion to Compel Discovery (Dkt. No. 34), whether construed as a motion to compel or as a motion for expedited discovery, as well as his related Motion for Pre-Motion Conference (Dkt. No. 44) are hereby **DENIED**.

**SO ORDERED.**

DATED:   New York, New York
         November 19, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge