# SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (the "Agreement"), effective as of August 6, 2024, is made and entered into by and between Tasteland Holdings LLC d/b/a Memphis Seoul ("Tasteland"), on the one side, and J&M Realty Services Corp. ("J&M"), on the other. Tastleland and J&M are herein referred to together as "the Parties," with each of the Parties referred to as a "Party".

## RECITALS

**WHEREAS**, on or about July 30, 2024, Tasteland filed a Statement of Claim against J&M in the Civil Court of the City of New York, Commercial Claims Part, bearing Index Number CC-000385-24/NY (the "Action")

**NOW, THEREFORE**, for and in consideration of the covenants, promises, and releases set forth herein, and other goods and valuable consideration, the sufficiency and adequacy of which is hereby specifically acknowledged, the Parties hereby agree, as follows:

## TERMS AND CONDITIONS OF SETTLEMENT

1. **Dismissal of Action.** Tasteland agrees to dismiss and discontinue, with prejudice, the Action immediately, but no later than within five (5) days of the Effective Date of this Agreement.

2. **Removal of Instagram Post.** Tasteland agrees to immediately remove the Instagram post, that was posted on or about July 17, 2024, by @getmemphisseoul, which refers to J&M's alleged "gross negligence."

3. **Return of Property.** J&M will facilitate the return of Tasteland's Recipe Book and provide it with access to its former leasehold at 123 First Avenue, New York, New York 10003 (the "Premises"), where Tasteland will arrange, at its sole cost, for the removal of its personal property. If Tasteland hires a private moving company to obtain the belongings, that company shall have insurance coverage at a minimum of $1,000,000, and list J&M and Lunar Estates LLC as additional insured. Prior to gaining entry, Tasteland will provide J&M with a copy of the requisite insurance. In addition, Tasteland shall be responsible for removing all of its personal property and leaving the Premises in a broom-swept condition.

4. **Non-Disparagement.** Tasteland agrees that it, and its owners, and officers (including Edward B. Hubbuch) will refrain from taking actions or making statements, written or oral, which disparage or defame J&M, its owners, or employees, including, but not limited to Jerry Edelman, David Edelman, and Jessica Edelman. Further, Tasteland agrees to withdraw any disparaging social media posts or articles regarding J&M. However, nothing herein, prevents Tasteland from complying with a lawful subpoena, or testifying truthfully in any action.

5. **Knowing and Voluntary Execution.** The undersigned represent and warrant to one another that they have completely read and fully understand each of the terms and provisions of this Agreement, that they have been represented by counsel, and that they

have executed this Agreement of their own free will based upon their own judgment and the advice of their own attorneys without reliance upon any statement or representation of others not specifically set forth in this Agreement.

6. **Construction of Agreement.** The undersigned acknowledge that they have sought and received whatever competent advice and counsel as was necessary for them to form a full and complete understanding of all rights and obligations herein, and that they have voluntarily entered into this Agreement, and that the preparation of this Agreement has been their joint effort. The language herein expresses their collective intent, and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the undersigned than any other.

7. **Cooperation.** Each of the Parties hereto agrees to execute all such reasonable further instruments, and to take all such reasonable further actions as may be reasonably required in order to fully effectuate the terms and provisions of this Agreement and any transactions contemplated herein.

8. **Legal Fees and Costs.** Each party hereto shall bear its own costs and expenses (including attorney's fees) in connection with the negotiation, drafting, and consummation of this Agreement.

9. **Authorization.** The Parties hereto represent that they are duly authorized to enter into this Agreement and all associated settlement documents.

10. **Entire Agreement.** This Agreement supersedes any and all prior agreements, representations or understandings (whether oral or written) between the Parties hereto concerning the Action, and represents the entire, complete and fully-integrated

understanding and agreement with respect to the subject matter hereof, and can only be amended, supplemented or changed by written document signed by all of the Parties hereto.

11. **Governing Law and Venue.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York without reference to principles of conflict of laws. The Supreme Court of the State of New York, County of New York, will retain jurisdiction to hear all matters in connection with any alleged violation(s) of the Agreement. The undersigned consent to personal jurisdiction of the Supreme Court of the State of New York, County of New York.

12. **Successors and Assigns.** The provisions of this Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective successors and assigns.

13. **Illegality or Invalidity.** If any provision contained herein is held to be illegal, invalid, or unenforceable under the present or future laws effective during the term of this Agreement, such provision will be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement.

14. **Modifications to and Interpretation of Agreement.** This Agreement may not be modified, unless in writing and executed by each of the Parties. The provisions of this Agreement shall be applied and interpreted in a manner consistent with each other so as to carry out the purposes and intent of the undersigned.

15. **Assignment of Agreement.** No party to this Agreement shall assign or transfer in any way whatsoever the rights of that party hereunder, without the written consent of all of the Parties.

**16.** **Signatures.** This Agreement may be executed in one or more counterparts, each of which, when so executed, shall be deemed to be an original; such counterparts, when so executed together, shall constitute one and the same agreement and shall be deemed to be an original. Further, facsimile or electronic copies of such signed counterparts shall constitute originals for the purposes of this Agreement and may be used in lieu of the originals for any purpose. Upon request by any party, originally executed documents will be provided.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the first date set forth above.

**TASTELAND HOLDINGS LLC**

By: Edward B. Hubbuch Dated: Aug. 6, 2024
Edward B. Hubbuch

**J&M REALTY SERVICES CORP.**

By: ______________________ Dated: ___________________________
David Edelman