SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EDWARD B. HUBBUCH,

Petitioner,

-against-

THE NEW YORK CITY DEPARTMENT OF INVESTIGATION,

Respondent

**AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION TO REARGUE AND RENEW**

Index No. 166113/2025

**ANAIS HOLLAND-RUDD**, affirms this 30th day of March 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except to the matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

1. I am the Associate General Counsel and Records Access Officer at the New York City Department of Investigation ("DOI"), where I have worked for 2 years. As the Associate General Counsel and Records Access Officer, my duties and responsibility, amongst other legal matters, entail managing DOI's Freedom of Information Law ("FOIL") requests.

2. I have been advised by counsel that Petitioner, Edward B. Hubbuch, proceeding *pro se*, now moves to seek leave to reargue and renew his Petition seeking to compel the production of documents pursuant to his Freedom of Information Law ("FOIL") request.

3. I submit this affirmation in opposition to Petitioner's motion to reargue and renew, which also appears to seek an imposition of sanctions on Respondent and Respondent's counsel.

4. I make this affirmation in my capacity as Associate General Counsel and Records Access Officer at DOI. I am familiar with the matters set forth herein, based on my personal knowledge and observations, conversations with DOI staff, and my review of relevant documents and information. I respectfully submit this affirmation in order to place before the Court certain testimony and documents relevant to present motion.

**<u>Petitioner's FOIL Request and DOI's Production of Records</u>**

5. Petitioner's FOIL request, FOIL-2025-032-00371, sought the following records:

> [A]ccess to *all final disciplinary records* pertaining to Marshal George Essock Jr. (Badge No. 71). This request specifically includes, but is not limited to: 1. All records related to the two (2) documented instances where Marshal GEORGE ESSOCK JR. was cited by the NYC DOI for failing to ensure required caseworkers were present during evictions of vulnerable tenants, as reported publicly in or around 2018; 2. The NYC DOI's *final findings* of fact, conclusions, and imposed sanctions for these incidents and any other disciplinary matters involving Marshal GEORGE ESSOCK JR.; and 3. Any and all complaints, reports, or investigative files *that resulted in a final disciplinary determination* by the NYC DOI against Marshal GEORGE ESSOCK JR.

*See* Verified Pet. Exhibits, NYSCEF Doc. No. 3, Ex. A (Dec. 13, 2025) (emphasis added).

6. Petitioner's request only sought records related to all final and/or investigated disciplinary matters involving New York City Marshal George Essock, Jr. ("Mr. Essock, Jr."), and not disciplinary matters that did not result in any DOI investigation.

7. On February 13, 2026, during the pendency of the present litigation, DOI exchanged twelve responsive, non-exempt documents with Petitioner via the OpenRecords portal. These documents were redacted pursuant to Public Officers Law ("POL") § 87(2)(b) and 89(2)(b) to ward against an unwarranted invasion of personal privacy, as well as POL § 87(2)(g) as intra-agency/interagency material. DOI then closed the request and issued a FOIL determination notice that informed Petitioner his request was granted in part and denied in part. *See* February 13, 2026, FOIL Determination Notice, annexed hereto as Exhibit "A."

8. A FOIL determination notice informs a requester of the status of their FOIL request and provides a justification pursuant to the FOIL statute, if any, for any withheld records or redacted materials.

9. The partial denial in the February 13, 2026 determination notice refers to the material redacted in the documents exchanged with Petitioner, it does not refer to any documents that are being withheld in their entirety.

10. On March 9, 2026, upon an additional search, DOI re-opened Petitioner's FOIL request to upload two additional documents.

11. On March 10, 2026, DOI then closed the request and issued a FOIL determination notice that informed Petitioner his request was granted in part and denied in part.

12. The partial denial in the March 10, 2026, determination notice refers to the material redacted in the documents exchanged with Petitioner, it does not refer to any documents that are being withheld in their entirety. These redactions were justified on the basis of POL § 87(2)(b) and § 89(2)(b) as an unwarranted invasion of personal privacy.

13. In sum, DOI exchanged a total of fourteen documents with Petitioner, and is not withholding any additional, non-exempt documents responsive to Petitioner's FOIL request.

**Completeness of Respondent's Production of Records**

14. In light of Petitioner's repeated demands for records pertaining to a second disciplinary/investigated incident of misconduct regarding Mr. Essock, Jr., DOI conducted an additional search to ensure the completeness of its production. This search did not result in any additional responsive, non-exempt records.

15. Petitioner first refers to APS Referral 23-1128 for his belief in the existence of additional responsive records. However, DOI did not pursue any investigation or discipline related to this referral and Mr. Essock, Jr.

16. The Adult Protective Services ("APS") referral system functions as a routine supervisory role at DOI to ensure the safety of certain individuals facing evictions who may have difficulty taking care of themselves.

17. Marshals are required to make an inquiry for every eviction case with respect to whether an individual residing in the subject premises is elderly or unable to fend for themselves. If the Marshal is advised in the affirmative, they are then required to refer the matter to APS via an APS referral. The APS referral is then submitted to DOI and transmitted to APS.

18. An APS referral delays eviction by two weeks to allow APS the opportunity to offer social services, which can range from financial assistance to relocation assistance, legal protection, or other such services.

19. As relevant here, an APS referral does not indicate the presence of an allegation of misconduct on behalf of a New York City Marshal.

20. In response to Petitioner's demand for documents related to APS Referral No. 23-1128, DOI conducted a further search for additional responsive, non-exempt documents.

21. This search did not result in any responsive documents as APS Referral No. 23-1128 was not tied to any disciplinary action or investigation into Mr. Essock, Jr.

22. Furthermore, the reference to APS Referral 23-1128 in the documents exchanged with Petitioner was limited to discussions held within the supervisory authority of DOI and not connected to any disciplinary investigation of Mr. Essock, Jr.

23. Therefore, while APS Referral No. 23-1128 does exist, it does not relate to any investigation into Mr. Essock, Jr., and its inclusion in Respondent's exchange of records was done in error.

24. Petitioner also cites Index No. 323910/22, *Equity LLC v. Patricia Blocker et. al,* ("*Blocker* case") for his belief in additional responsive records.

25. While reference to the *Blocker* case was made in the documents exchanged with Petitioner, DOI did not pursue any discipline or investigation into Mr. Essock, Jr. in connection with this matter.

26. Thus, upon an additional search, there were no additional responsive, non-exempt records to produce related to the Blocker case and Petitioner's FOIL request.

**WHEREFORE**, it is respectfully requested that the Court deny Petitioner's motion to reargue and renew in its entirety and award Respondent such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 30, 2026

s/Anais Holland-Rudd
ANAIS HOLLAND-RUDD
*Associate General Counsel and Records Access Officer*