The City of New York
Department of Investigation

JOCELYN E. STRAUBER
COMMISSIONER

180 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

September 14, 2023

City Marshal George Essock, Jr.
*Via email:* [redacted]

Dear Marshal Essock, Jr.,

On August 14th, 2023, the Department of Investigation ("DOI") Bureau of City Marshals received a telephone complaint from Jane Paul, relating to the legal possession eviction of her ex-husband, James Paul, from his prior dwelling at [redacted] The warrant was executed by you on August 11, 2023, under Index 313472-23/KI.

According to Jane Paul, you responded to the location and informed James Paul that he had to vacate the premises, following which he left and arrived at Ms. Paul's dwelling confused and without his medication. Ms. Paul stated that Adult Protective Services ("APS") was not present for the eviction. She said that she spoke with the caseworker who alleged that she arrived at the location, on time, and observed that Mr. Paul was not there, and that the eviction had already been carried out. Ms. Paul argued that going through with the eviction without having APS present was a disservice to her former spouse, an elderly veteran. Additionally, she alleged that Mr. Paul was never served with a Notice of Eviction, and nothing was ever posted on his apartment door.

During a phone conversation with DOI, Mr. Paul stated that he is a [redacted] veteran who was rushed out of his home by you, "with five minutes to spare." He stated that you informed him he was being evicted and that he had to "go pack a bag." Mr. Paul also alleged that only you were present during the eviction. He denied seeing the superintendent or having a locksmith present during the eviction. Additionally, he stated that APS was not there during the eviction.

According to your office, Mr. Paul's eviction was scheduled for 12:30 pm; however, you responded to the location at around 12:15 pm. Sohail Ansari, the Eviction Liaison with APS Central Intake, stated that he received a phone call from your office at around 12:30 pm, indicating that you were at the location, but that the case worker was not present. According to your office, it was around 12:50 pm that the caseworker, Shakara Moses, contacted your office advising that she had arrived at the site.

DOI was informed by Jose Perez, Director of APS-Brooklyn South Borough Office, that the caseworker reported [to APS] that she was running late to the eviction for Mr. Paul, and estimated she was to arrive at 12:45 pm. Ms. Moses subsequently reported [to APS] that upon her arrival at the client's apartment, the eviction had already been completed as she observed that the Marshal's notice was on the door.

Your response letter, dated September 8, 2023, indicates that upon arriving at the eviction premises alongside the superintendent, you were greeted at the door by Mr. Paul, who expressed that he was fully aware of the proceeding. According to the letter, after a brief conversation you directed Mr. Paul to seek re-possession of his apartment by going to court. You further state in your response that Mr. Paul did not make any mention of APS during the eviction process, and that after you provided him with a copy of the apartment's inventory, Mr. Paul packed a bag and left the apartment. You maintain that you had taken "all the proper notifications and precautions" by serving Mr. Paul with the notice of eviction via several appropriate channels as well as referring the matter to APS. You assert that while APS was to be present to assist Mr. Paul during the execution, the caseworker assigned to him was running late and "did not make it in time", and that you "legally cannot force someone to stay against their will."

DOI's findings indicate that, prior to the eviction, you referred this individual to APS on July 26, 2023, asserting that the landlord's attorney notified you that this individual was elderly. On August 10, 2023, you notified APS Central Intake that you were going to evict Mr. Paul on August 11, 2023, at approximately 12:30 pm. As noted above, your office indicated that you arrived at the location at approximately 12:15 pm, and proceeded to execute without APS being present. Your office also indicated, and APS Central Intake corroborated, that your office notified APS at around 12:30 pm that you were at the site, but that the caseworker was not present.

Although you exercised due diligence in referring Mr. Paul to Adult Protective Services and notifying APS of the date and time of eviction in advance, you failed to allow them the opportunity to provide aid as APS deemed appropriate. Your commencing of the eviction without APS' presence, while aware that this person had been referred to APS and may have qualified for assistance, exhibited disregard for the public welfare and for the value of APS support services for the City population in need.

DOI has found that you failed to adhere to the following regulation as promulgated in the New York City Marshals Handbook of Regulations: Chapter IV, Section 6-7: Social Service Call-Ins, which stipulates that, "while it is the marshal's duty to carry out the terms of a warrant of eviction, certain procedures must be carried out by the marshal to protect the rights, health, and safety of children, mentally ill, handicapped, elderly, or other persons not able to take care of themselves." Once notification to APS has taken place, the marshal must inform APS, at least 24 hours in advance of the new eviction date "so that the social welfare agency may send a representative ***to meet*** the marshal at the eviction site to provide assistance to the occupants."

You are reminded that this is the second incident of this nature that has been brought up against you; the first incident was under Index 323910/22, also referred to APS by your office. On June 2, 2023, this same APS Borough Office indicated that they had arrived to the eviction site to find that you were completing the eviction and that Emergency Medical Services had been called to the scene. You were advised that when facing a similar situation, you are expected to contact DOI for guidance on executing a warrant on an APS client without APS being present.

EXHIBIT G DOI 023

You are hereby warned, if you fail to comply with the above-mentioned regulation in the future, which implicitly directs marshals to inform APS of eviction date and time for the sole purpose of having an APS representative ***present*** at the eviction site, disciplinary proceedings may be commenced against you.

Please provide this office with a written response to confirm the corrective procedures you have implemented in your office, which would prevent the foregoing from occurring in the future. Thank you for your cooperation.

Please sign below and forward a signed copy to the DOI to confirm receipt.

Sincerely,

[redacted]

Michael Bernstein
Director, Bureau of City Marshals

[redacted]

George Essock, Jr.
New York City Marshal, # 71