The City of New York
Department of Investigation

JOCELYN E. STRAUBER
COMMISSIONER

180 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

December 18, 2024

City Marshal George Essock Jr.
[redacted]

Dear Marshal Essock Jr.,

On October 31, 2024, the Department of Investigation ("DOI") received a complaint from Leotranys Sanchez regarding his vehicle, VIN# [redacted] which was booted by you and towed at the direction of Republic Immobilization Services of NYC for unpaid parking tickets on February 14, 2024.

The vehicle had dirty plates, [redacted] which were registered to Alphonso Lewis. Mr. Sanchez stated that he was trying to locate his vehicle for months and could not find it. He said that he received a letter from you dated June 27, 2024, and that the letter noted the plate number mentioned above and VIN# [redacted], which does not belong to Sanchez's towed vehicle. Mr. Sanchez said he went to the Department of Finance (DOF) and showed the title of his vehicle and it was then that DOF corrected their records with the right VIN number. Mr. Sanchez said that he received a second letter from you, dated September 20, 2024, this time showing Sanchez vehicle's accurate VIN number on his vehicle.

Mr. Sanchez questioned why it took so long for you to verify the VIN number on his vehicle and to notify him. He stated that he could not afford to pay the amount due to retrieve it, especially the storage fees.

On November 21, 2024, you appeared for an interview at DOI's headquarters, and stated that the VIN# on the vehicle was not visible when you booted the car. You did not mark it as not visible on the impound sheet and did not ask the tow yard employees to check it.

You said that the vehicle did not have a registration sticker and that [redacted] plates do not have registration stickers.

You stated that on February 28, 2024, you sent an email to Carlos Avila from the Sheriff's Office requesting information regarding the out of state plate (OOS). (On November 25, 2024, DOI contacted your office and requested the email and any attachments sent to Avila on February 28, 2024, but Jessica said she could only see emails going back to May 2024. On November 25, 2024, per DOI's request, Avila provided the email and attachments your office sent to Avila on February 28, 2024, and a list of OOS vehicles was not included. Avila stated that he did not get any OOS on February 28.)

You stated Avila was out of the office and that Avila was not able to get the information on a timely manner. However, a March 21, 2024 email provided by you, shows that Avila was going to be out of the office from March 25 until April 5, 2024.

Moreover, you said that the Department of Finance is implementing a new system, that you were having a problem with it because the vehicle in question did not show up in the weekly enforcement unit research sheet for out of state plates.

You provided an email that Jessica from your office sent to Avila on June 14, 2024. In that email Jessica writes, "I ran an inventory list and came across these vehicles that are missing OOS information, apologies."

On June 20, 2024, Avila sent an email to your office showing that plate# [redacted] VIN# [redacted] belongs to a [redacted] (Information requested by DOI and provided by Ivette after the interview on 11/21/24).

On June 24, 2024, the tow yard provided a photo of the VIN # for the towed vehicle, which shows VIN# [redacted], Sanchez's vehicle.

Furthermore, you stated that the only way to know if the plate is dirty is when the Sheriff's Office receives the information from the state.

You stated that on June 27, 2024, you sent a letter to Sanchez and Lewis. However, the letter displayed [redacted] and VIN# [redacted] which you knew to be inaccurate. On September 20, 2024, a second letter was sent to Sanchez and Lewis this time with plate# [redacted] and VIN# [redacted] Sanchez's vehicle.

You stated that this case "fell through the cracks" and that the "guy got lost in the mess" because of the new system implementation, Avila being away, your failure to check the VIN number, and your failure to timely follow up with the Sheriff's Office and the tow yard.

You recognized your errors and said that you will follow any recommendations from the DOI. You said you will speak to your staff members regarding following verification procedures so this will not happen again. You also said that you will mark the impound sheet when a VIN number is not visible and immediately contact the tow yard so that they can check the VIN number.

Per DOI's request, you agreed to speak with the towing company, Breen Bros Towing, to settle the storage fees and to be responsible to pay for the settled amount.

In your response letter dated November 20, 2024 to Mr. Sanchez, you stated that you recognized that you made an error when you did not verify the plate at the time of the tow. You also apologized to Mr. Sanchez and advised him that you will cover the storage fees through November 24, 2024.

On December 6, 2024, Evette from your office informed the DOI that DOF had removed the storage fees from their system.

DOI has found that you failed to adhere to the following regulation as promulgated in the New York City Marshals Handbook of Regulations: Chapter II, Section 10-2: Parking Violations Operations ("PVO") Standard Operating Procedures ("SOP"), which stipulates that a city marshal who enforces PVO judgments must follow the SOP and any other relevant directives promulgated by the Department of Finance (DOF).

> Page 8 of the SOP for New York City Department of Finance's Sheriffs Scofflaw Enforcement Unit Vehicle Immobilization, clearly stipulates that marshals are responsible for: "making final determination of the boot-eligibility of vehicles found using the LPR system by checking to ensure that balances match, and that the proper actions are taken based on the status of the scofflaw vehicles."

You are hereby warned, if you fail to comply with the above-mentioned regulations in the future, disciplinary proceedings may be commenced against you.

Please provide this office with a written response to confirm the corrective procedures you have implemented in your office, which would prevent the foregoing from occurring in the future.

Thank you for your cooperation.

Please sign below and forward an original copy to DOI confirming receipt.

Sincerely,

[redacted]

Michael Bernstein
Director, Bureau of City Marshals

[redacted]

George Essock Jr.
New York City Marshal, #71

January 9 '25